UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIDELITY NATIONAL FINANCIAL, INC.

       Plaintiff,

       v.                                **CASE NO.: 3:15-cv-01400-HES-JBT**

ATTACHMATE CORPORATION,

       Defendant.

_____/

## PLAINTIFF FIDELITY NATIONAL FINANCIAL, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff/Counterclaim defendant Fidelity National Financial, Inc. ("Fidelity"), by counsel, and pursuant to Federal Rules of Civil Procedure 33 and 34, respectfully submits the following Responses and Objections to Attachmate Corporation's ("Attachmate") Interrogatories and Requests ("Discovery Requests").

## GENERAL RESPONSE AND OBJECTIONS

1.     In responding to the discovery requests, Fidelity does not concede the relevancy, materiality, or admissibility of any of the information sought therein.  These responses are made subject to, and without waiving, any objections as to relevancy, materiality, or admissibility.

2.     Fidelity objects to the extent the discovery requests imposes upon it duties not specifically set forth in the Federal Rules of Civil Procedure.

3.     Fidelity further objects to any discovery request, or portion thereof, in which Attachmate has asked Fidelity to produce "each," "any," "all," or "every" document(s) or

portions thereof relating to a specific subject matter on the grounds that it would be unduly burdensome for Fidelity to review every document in it files during the period covered by these responses in order to ensure that it has not overlooked any such document(s).  Without waiving these objections, and in the interest of minimizing controversy requiring the Court's attention, Fidelity will respond to such requests not otherwise objected to with documents located by a reasonable, good faith effort.

4.      Fidelity objects to the extent that these discovery requests seek the production of confidential, proprietary, or personal identifying information.  Fidelity will only produce such documents or information after the issuance of a stipulated protective order.

5.      Fidelity further objects to the extent that the discovery requests seek information and materials that are within the possession, custody, or control of Attachmate.

6.      Fidelity further objects to the definition of "Document" as it is overly broad, unduly burdensome, and not proportional to the needs of the case.

7.      Fidelity objects to the extent that any discovery requests use vague, ambiguous, or undefined terms.

8.      Fidelity objects to Definition No. 1 as it is overly broad and includes persons and entities not involved in this litigation.   In responding to these discovery requests, Fidelity interprets the terms "Plaintiff," "Fidelity," "You," and "Your" as referring to Fidelity National Financial, Inc. and its subsidiaries, excluding Black Knight Financial Services, Inc., which was the subject of a separate audit by Attachmate. By doing so, Fidelity does not imply that Fidelity's subsidiaries are parties to this lawsuit.

9.     Fidelity objects to Instruction No. 3 regarding the format in which Attachmate requests electronically stored information to be produced.  Counsel for Fidelity is willing to meet and confer with Attachmate's counsel to discuss an appropriate format for ESI productions.

10.     This General Response and these Objections are specifically incorporated into each of the individual responses that follow.  Subject to and without waiving any objections, Defendant states:

## INTERROGATORIES

**INTERROGATORY NO. 1.**     For each Computer You owned or controlled at any time, Identify the date (if any) on which the Software was installed on the Computer, the Persons who installed the Software, the specific product and version of Software installed, and the serial (or other identifying) number of the Computer.

**ANSWER:**   Fidelity objects to Interrogatory No. 1 as it is overly broad and unduly burdensome.  The Interrogatory is not limited in time.  Subject to and without waiving these objections, Fidelity states that, pursuant to Federal Rule of Evidence 33(d), Fidelity will produce documents responsive to this request after entry of a protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information. In further response, Fidelity states that to the best of its currently available knowledge, David Chase installed Reflection Suite for Enterprise v. 7.5 on servers CDCSINDTS02, CDCSINDTS03, CDCSINDTS04, CDCSINDTS05, DDCSCXDT01A, DDCSCXDT01B, DDCSCXDT01C, INDQCTXP02V, INDQCTXP03V, INDQCTXP04V, INDQCTXP05V, INDQCTXP06V, and INDQCTXP07V on or about February 4, 2009.  David Woods installed Reflection Web 2014 on servers DDCSCRRESB01A, DDCSCRRESB1A-T, and CDCSCRRSMQ01A originally in 2010 and periodically upgraded.

3

**INTERROGATORY NO. 2.**        For each Computer identified in response to Interrogatory No. 1 as having had Software installed, state whether the Software has been removed from the Computer and if so Identify the date of removal, the specific product and version of Software removed (if more than one was installed), and the Persons who removed the Software.

**ANSWER:**   Fidelity objects to Interrogatory No. 2 as it is overly broad and unduly burdensome. The Interrogatory is not limited in time.   To the extent Interrogatory relates to Interrogatory No. 1, Fidelity incorporates its objections to Interrogatory No. 1 as if fully recited herein.  Subject to and without waiving these objections, Fidelity states the following:  to the best of its currently available knowledge, Lon Hackencamp uninstalled Reflection Suite for Enterprise v. 7.5 on servers INDQCTXP02V, INDQCTXP03V, INDQCTXP04V, INDQCTXP05V, and INDQCTXP06V on or about February 15, 2015.  Fidelity ceased using or accessing Reflection for the Web in December 2015.  Fidelity is continuing to inquire and will supplement this response if any additional information is obtained.

**INTERROGATORY NO. 3.**        If You contend that Software installed on a particular Computer was never used by any Fidelity employee or agent, identify the Computer(s) by serial (or other identifying) number and state all facts that support Your contention that the Software installed on the Computer was never used.

**ANSWER:**   Fidelity objects to Interrogatory No. 3 as the term "used" is vague and ambiguous herein because such term is defined differently in the various End-User License Agreement ("EULA") that Attachmate asserts govern the particular software products.  Fidelity further objects as Interrogatory No. 3 is overly broad and unduly burdensome.  It is not limited in time or duration.  In addition, Fidelity objects to Interrogatory No. 3 because it is a premature

4

contention interrogatory.  Discovery and investigation are still ongoing.  Fidelity is continuing to inquire and will supplement this response if any additional information is obtained.

**INTERROGATORY NO. 4.**     If You contend that a particular Computer was never provided with any access to the Software, identify the Computer(s) by serial (or other identifying) number and state all facts that support Your contention that the Computer was never provided with access to the Software.

**ANSWER:**   Fidelity objects to Interrogatory No. 4 as it is vague, ambiguous, and confusing as written.  The term "access to the Software" as used herein is vague and subject to multiple interpretations.  Fidelity further objects as Interrogatory No. 4 is overly broad and unduly burdensome.  Beyond not being not limited in time or duration, the Interrogatory asks Fidelity to list every Computer (without even requiring the Computer be within Fidelity's custody and control) that does not have Attachmate Software on it.

**INTERROGATORY NO. 5.**     Identify   each   document   that   You   contend constitutes a contract, or portion of a contract, between You and Attachmate.

**ANSWER:**    Fidelity objects to Interrogatory No. 5 because it is a premature contention interrogatory.  Discovery and investigation are still ongoing.  Fidelity is continuing to inquire and will supplement this response if any additional information is obtained.

**INTERROGATORY NO. 6.**     If You contend that a contract (or portion of a contract) identified in response to Interrogatory No. 5 is invalid for any reason, identify the contract (or portion of a contract) and state all facts that support Your assertion of invalidity.

**ANSWER:**    Fidelity objects to Interrogatory No. 6 as the term "invalid" as used herein is vague and ambiguous, and subject to multiple interpretations.  In addition, Fidelity objects to

Interrogatory No. 6 because it is a premature contention interrogatory. Discovery and investigation are still ongoing. Fidelity is continuing to inquire and will supplement this response if any additional information is obtained.

**INTERROGATORY NO. 7.**     Describe the circumstances under which You first obtained each product and version of the Software, including without limitation when You acquired the initial media containing each specific product and version of the Software; the media or format of the Software when obtained; and the identity of any reseller from whom You acquired the Software.

**ANSWER:**   Fidelity objects to Interrogatory No. 7 as it is overly broad and unduly burdensome. Subject to and without waiving these objections, Fidelity states that, pursuant to Federal Rule of Evidence 33(d), Fidelity will produce documents responsive to this request after entry of a protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**INTERROGATORY NO. 8.**     State all facts concerning the practice(s), policies, and/or procedures You use or have used since the time of Your first acquisition of a Software product to ensure Your compliance with the Software license agreements.

**ANSWER:**   Fidelity objects to Interrogatory No. 8 as it is overly broad and unduly burdensome. The Interrogatory is not limited in time. In addition, Fidelity objects as the term "practice(s), policies, and/or procedures" is vague, ambiguous, and subject to multiple interpretations. Subject to and without waiving these objections, Fidelity states that, among other safeguards, Fidelity employed the proprietary TEAM System to manage access and control of the Software. Through the TEAM System, users with proper credentials may login to Citrix wherein a desktop is displayed with the image of the Software only. When a user clicks on the

image of the Software, the user is required to enter in another set of login credentials.   If the credentials are not permitted by the TEAM System, the user's access is blocked and they have no ability to access the Software.   Further, if inaccurate credentials are entered repetitively, the login is flagged as an intruder and the user becomes locked out, further restricting potentially unauthorized access.   Similarly, TEAM accounts that have not been active for a certain period of time are automatically disabled and prohibited from accessing the Software.   If the user does not request to be reinstated from the system administrator, the user's credentials are automatically removed from the system all together.   In addition, metering was configured on each computer server so that usage was monitored.   Furthermore, Fidelity's employment and security policies require that user credentials are terminated upon the cessation of employment.

**INTERROGATORY NO. 9.**      Identify all individuals who participated in the audit for Attachmate products deployed on Your computer system conducted by Deloitte & Touche, LLP, in 2015.

**ANSWER:**   Brian Housman, David Woods, Gilmore Lee, Bill Dickey, Dee Baldwin, David Chase, Lon Hackencamp, Ivan Lindenfeld, Steve Olson, Jon Parks, Jeff Sanderson, Matt Smith, Jim Tudor, Adam Zughayer, Nick Ayala, John Esguerra, and Scott Friedman.

**INTERROGATORY NO. 10.**      State all facts concerning any calculation or investigation You have undertaken of Attachmate's damages in this matter.

**ANSWER:**   Fidelity objects to Interrogatory No. 10 to the extent is seeks information that is protected by the attorney-client privilege and/or work product doctrine.   Subject to and without waiving these objections, Fidelity has no responsive documents not subject to privilege.

**INTERROGATORY NO. 11.**     With regard to the contention in Paragraph No. 27 that Attachmate has "unclean hands and (engaged in) copyright misuse." and that "Attachmate is using its licenses to significantly expand the rights afforded to Attachmate under the Copyright Act," identify the underlying factual bases for these allegations.

**ANSWER:**   Fidelity objects to Interrogatory No. 11 to the extent it seeks information protected by the work-product doctrine.  In addition, Fidelity objects as this Interrogatory is a premature contention interrogatory.  Discovery and investigation are still ongoing. Subject to and without waiving this objection, Attachmate is asserting rights that are a significant expansion of the rights afforded by the Copyright Act.  Further, Attachmate's improper and unfounded interpretation of its EULAs in a supposed attempt to support its Copyright claims in reality was nothing more than an effort to induce disproportionally inflated settlement amounts, and, therefore, constitutes inequitable conduct.

**INTERROGATORY NO. 12.**     Identify all persons who are likely to have relevant discoverable information concerning the issues raised by Your Complaint or Attachmate's Counterclaims in this proceeding.

**ANSWER:**    The following individuals may have relevant discoverable information: Robin Burns, Business Analyst at Fidelity; David Chase, Information Technology Manager at Fidelity; Lon Hackencamp, Architect/Engineer Remote Access at Fidelity; Ivan Lindenfeld, Senior Systems Engineer at Fidelity; Steve Olson, Manager of TEAM Systems at Fidelity; Jon Parks, Vice President of Information Technology at Fidelity; John Sanzone, Chief Procurement Officer at Fidelity; Jim Tudor, Director of Information Technology Purchasing at Fidelity; representative(s) of Fidelity's Purchasing Department; David Woods; Vito Corradino, Information Technology Director at ServiceLink; Marc Machin, Vice Preside of Information

8

Technology Service Management at ServiceLink; Jeff Sanderson, Chief Information Officer/Vice President of Technology at ServiceLink; Matt Smith, Senior Vice President of Information Technology Infrastructure at ServiceLink; Paul Tran, employee of ServiceLink; Representatives and employees of Attachmate, including but not limited to Peter Daines, Davis Benson, and John Smith; Software vendors with whom Fidelity may have purchased Attachmate software from, including but not limited to, COMPUCOM; RMG Networks; CDW; Software Spectrum; DPE SYSTEMS, INC.; and MICROACCESS; Attachmate customers who disputed Attachmate's audit and licensing practices including, but not limited to, Northwest Community Hospital; Tarmac Ltd.; Sentry Insurance; Jeld-Wen Inc.; United Technologies Corp.; Windstream Communications Inc.; Dell Inc.; Juniper Networks, Inc.; Carnival Corporation; Health Net, Inc.; Public Health Trust of Miami-Dade County Florida d/b/a Jackson Memorial Hospital; Celcom Axiata Berhad; Epic Systems Corporation; and the Medical College of Wisconsin Inc.; and Deloitte employees, including but not limited to those that conducted the audit of Fidelity in 2015, Adam Zughayer, and Nick Ayala.

## Verification

I hereby affirm under the penalties of perjury that the foregoing answers to interrogatories have been prepared based upon sources within the company and documents kept in the ordinary course of business, and with the assistance of counsel, and while I may not have personal knowledge of all the information contained in the answers, they are hereby verified on behalf of the company.

Dated: March 29, 2016

Signature

James  M. Tudor
Printed Name:

Category Manager, Procurement
Position with Fidelity National Financial, Inc.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1.**        Produce all Documents supporting Your answers to Interrogatory Nos. 1 through 12.

**RESPONSE:** Fidelity objects to Request for Production No. 1 to the extent it seeks documents that are protected by the attorney-client privilege and/or work product doctrine.  To the extent Request for Production No. 1 relates to Interrogatory Nos. 1 through 12, Fidelity incorporates its objections to Interrogatory Nos. 1 through 12 as if fully set forth herein.  Fidelity further objects as this Request is overly broad as it does not seek any documents with reasonable particularity.  Subject to and without waiving these objections, Fidelity states that due to the proprietary nature of the documents sought herein, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 2.**        Produce all Communications between You and Attachmate regarding the Software.

**RESPONSE:**  Fidelity objects to Request for Production No. 2 as it is overly broad and unduly burdensome.  Some of the Software appears to have been created and/or purchased in the late 1990s and there may be communications with Attachmate going back several decades.  Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 3.**        Produce all Communications between You and any other vendor, seller, distributor or supplier regarding the Software.

11

**RESPONSE:** Fidelity objects to Request for Production No. 3 as it is overly broad and unduly burdensome. Some of the Software appears to have been created and/or purchased in the late 1990s and there may be communications with vendors regarding the software going back several decades. In addition, Fidelity objects because the information sought in Request No. 3 is not relevant to Attachmate's claims in this suit. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 4.**    Produce all Documents evidencing Your purchase of licenses for the Software.

**RESPONSE:** Fidelity objects to Request No. 4 as it is overly broad and unduly burdensome. Some of the Software appears to have been created and/or purchased in the late 1990s and there may be documents going back several decades reflecting purchases. In addition, Fidelity objects because the information sought in Request No. 4 is equally available to Attachmate. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 5.**    Produce all Documents evidencing Your installation of the Software on Your Computers, or Your provision of access to the Software via network servers.

**RESPONSE:** Fidelity objects to Request for Production No. 5 as the term "provision of access" is vague and ambiguous. Fidelity also objects to the extent Request No. 5 seeks

documents that are protected by the attorney-client privilege and/or work product doctrine. Fidelity further objects to Request No. 5 as it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is not limited in time or duration and, as some of the software appears to have been purchased in the 1990s, covers decades of documents. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 6.**      Produce all Documents related to the audit of Your software environment performed by Deloitte & Touche, LLP, in April 2015.

**RESPONSE:** Fidelity objects to Request for Production No. 6 to the extent it seeks documents and communications between Fidelity and its counsel regarding the audit, which are protected by the attorney-client privilege and/or work product doctrine. Fidelity further objects to Request No. 6 because the information sought is equally available to Attachmate. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 7.**      Produce all Documents evidencing any de-installation of the Software from Your Computers.

**RESPONSE:** Fidelity objects to Request for Production No. 7 to the extent it seeks documents and communications between Fidelity and its counsel regarding the audit and threatened litigation by Attachmate, which are protected by the attorney-client privilege and/or work product doctrine. Fidelity further objects to Request No. 7 as it is overly broad and unduly burdensome. In addition, Fidelity objects as the information sought is not proportional to the

needs of the case.  It is not limited in time or duration and, as some of the software appears to have been purchased in the 1990s, covers decades of documents.  Moreover, Fidelity objects because the information sought in Request No. 7 is not relevant to Attachmate's claims in this suit.  Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 8.**     Produce all Documents concerning any Attachmate technical support, maintenance services, or maintenance plans You have requested or received at any time.

**RESPONSE:**  Fidelity objects to Request for Production No. 8 as it is overly broad and unduly burdensome.  Fidelity further objects as the information sought is not proportional to the needs of the case.  The Request is not limited in time or duration and, as some of the software appears to have been purchased in the 1990s, covers decades of documents.  In addition, Fidelity objects because the information sought in Request No. 8 is not relevant to Attachmate's claims in this suit.  Similarly, Fidelity objects because the information sought is equally available to Attachmate.  Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 9.**     Produce all Documents concerning the procedures and steps taken by You to monitor, control, manage, or restrict the use of the Software by Your employees.

14

**RESPONSE:** Fidelity objects to Request for Production No. 9 to the extent it seeks documents or communications between Fidelity and its counsel, which are protected by the attorney-client privilege and/or work product doctrine. Fidelity further objects to Request No. 9 as it is overly broad, unduly burdensome, and not proportional to the needs of the case. It is not limited in time or duration and, as some of the software appears to have been purchased in the 1990s, covers decades of documents. In addition, Fidelity objects to the extent the term "use" means anything other than actual usage. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 10.** Produce all Documents concerning the procedures and steps taken by You to monitor, control, manage, or restrict access to the Software by Your employees.

**RESPONSE:** Fidelity objects to Request for Production No. 10 to the extent it seeks documents or communications between Fidelity and its counsel, which are protected by the attorney-client privilege and/or work product doctrine. Fidelity further objects to Request No. 10 as it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request is not limited in time or duration and, as some of the software appears to have been purchased in the 1990s, covers decades of documents. In addition, Fidelity objects to the extent the term "access" means anything other than actual access. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 11.**     Produce all Documents concerning the procedures and steps taken by You to prevent the installation of the Software on Your Computers.

**RESPONSE:** Fidelity objects to Request for Production No. 11 to the extent it seeks documents or communications between Fidelity and its counsel, which are protected by the attorney-client privilege and/or work product doctrine. Fidelity further objects to Request No. 11 as it is overly broad, unduly burdensome, and not proportional to the needs of the case. The Request is not limited in time or duration and, as some of the software appears to have been purchased in the 1990s, covers decades of documents. Subject to and without waiving these objections, Fidelity will produce responsive documents, to the extent they exist, after the entry of an agreed protective order regarding confidentiality, and an agreement has been reached regarding the production of electronically stored information.

**REQUEST FOR PRODUCTION NO. 12.**     To the extent not otherwise produced, produce all documents which You contend support any of Your claims or defenses in this proceeding.

**RESPONSE:** Fidelity objects to Request for Production No. 12 as it is overly broad and unduly burdensome. Fidelity further objects as this Request is not stated with reasonably particularity as required by Federal Rules and Local Rules.

Respectfully submitted,

_Katie Marschke_

Thomas E. Mixdorf
Indiana State Bar No. 16812-49
E-mail: Thomas.Mixdord@icemiller.com
Stephen E. Reynolds
Indiana State Bar No. 28032-49
E-mail:  stephen.reynolds@icemiller.com
Kaitlyn J. Marschke
Indiana State Bar No. 34144-49
E-mail: Katie.Marschke@icemiller.com
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN  46282-0200
Telephone No. 317-236-2391
Facsimile No. 317-592-4736

and

Tamarah E. Brodsky
Florida State Bar No. 567108
Tamarah.Brodsky@fnf.com
FIDELITY NATIONAL LAW GROUP
200 West Cypress Creek Road, Suite 210
Fort Lauderdale, Florida 33309
Telephone No: (954) 465-2145
Facsimile No: (954) 414-2101

*Attorneys for Plaintiff,*
*Fidelity National Financial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2016, a copy of the foregoing was served via United States mail, first-class postage prepaid to the following:

David K. Friedland
Jaime Rich Vining
FRIEDLAND VINING, P.A.
1500 San Remo Ave., Suite 200
Coral Gables, Florida 33146
Email: dkf@friedlandvining.com
Email: jrv@friedlandvining.com

Theresa H. Wang
Shannon M. Jost
STOKES LAWRENCE, PS
1420 5th Ave., Suite 3000
Seattle, Washington 98101
Email: Theresa.wang@stokeslaw.com
Email: Shannon.Jost@stokeslaw.com

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282

I\9792098.4