United States District Court
Middle District of Florida
Jacksonville Division

**FIDELITY NATIONAL FINANCIAL, INC.,**

    *Plaintiff, Counter-Defendant,*

v.

**ATTACHMATE CORPORATION,**                     **NO. 3:15-CV-1400-J-20PDB**

    *Defendant, Counter-Plaintiff,*
    *Third-Party Plaintiff, Counter-Defendant,*

v.

**BLACK KNIGHT FINANCIAL SERVICES, LLC,**

    *Third-Party Defendant, Counter-Plaintiff.*

---

## Order Granting Attachmate Corporation's Unopposed Motion to Maintain Seal

Attachmate Corporation ("Attachmate") has filed an unopposed motion asking the Court to maintain under seal its "compliance portal," Doc. 82, which Fidelity National Financial, Inc. ("Fidelity"), filed as an exhibit to its motion to compel, *see* Doc. 83. The Court allowed Fidelity to provisionally file the portal under seal pending Attachmate's filing of a motion to seal. Doc. 81. Attachmate contends the portal contains "highly confidential, propriety compliance and audit policies, developed over time … constituting its trade secrets" and its public disclosure could allow customers and competitors to unfairly use it to their advantage. Doc. 82 at 1–2, 4.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. … Any step

that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.* (quoted authority omitted).

To decide if the presumption of public access applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id.* The presumption applies to materials used to invoke judicial resolution on the merits but not to discovery documents irrelevant to the underlying issues. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013).

The presumption of public access is not absolute; if a party seeks to seal documents, the court must consider the nature and character of the information in them and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Regardless of whether the presumption applies to the portal, sealing is warranted. The portal contains detailed information concerning Attachmate's unique, confidential procedures for ensuring compliance with the software licenses it sells. Doc. 82-1 at 1–2. Attachmate's clients could unfairly use the portal to frustrate its audit procedures, and its competitors could unfairly use the portal to gain a competitive advantage over it. Doc. 82-1 at 2. The portal does not concern public officials or public concerns. The portal will be used not to decide the merits of the case but to resolve a collateral discovery dispute. There is no less-restrictive alternative to

sealing because the entire portal is proprietary. Attachmate's interest in keeping its portal confidential outweighs the public's interest in disclosure.

Under Local Rule 1.09(a), a party seeking to file a document under seal must state the proposed duration of the seal. And under Local Rule 1.09(c), "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with … this rule, identifies the expiration of the seal, and is filed before the expiration of the seal."

Attachmate asks the Court to maintain the seal for the duration of the case and then return the portal to it, suggesting, in effect, an indefinite seal to the extent the portal will be used for the case but kept from the public eye forever. Doc. 82 at 4. Documents filed under seal are permanently placed on the Court's CM/ECF system with restricted access (court-eyes only) because, as part of the record, they must remain so. Given the nature of the portal, sealing for the presumptive one-year period is warranted, subject to an extension upon timely motion demonstrating good cause.

The Court (1) **grants** Attachmate's unopposed motion to maintain its "compliance portal" under seal, Doc. 82; and (2) **directs** the clerk, absent further order, to maintain the seal until **November 30, 2017**.

**Ordered** in Jacksonville, Florida, on November 7, 2016.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record