United States District Court
Middle District of Florida
Jacksonville Division

**FIDELITY NATIONAL FINANCIAL, INC.,**

    *Plaintiff, Counter-Defendant,*

v.

**ATTACHMATE CORPORATION,**                    NO. 3:15-CV-1400-J-20PDB

    *Defendant, Counter-Plaintiff,*
    *Third-Party Plaintiff, Counter-Defendant,*

v.

**BLACK KNIGHT FINANCIAL SERVICES, LLC,**

    *Third-Party Defendant, Counter-Plaintiff.*

___

# Order

Before the Court are (1) Fidelity National Financial, Inc.'s motion to compel Attachmate Corporation to provide better responses to interrogatories and requests for production, Doc. 104; (2) Attachmate's motion to compel Fidelity to provide better responses to interrogatories and compel Fidelity and Black Knight Financial Services, LLC, to serve objections to corporate-representative deposition topics by a date certain, Doc. 106; (3) Fidelity's motion to extend expert-disclosure deadlines and the deadline to take certain depositions, Doc. 111; (4) Fidelity's unopposed motion to provisionally file under seal exhibits to its response in opposition to Attachmate's motion, Doc. 113; and (5) Attachmate's motion to compel Fidelity and Black Knight to produce representatives to testify on objected-to deposition topics, Doc. 116. On April 6, 2017, the Court conducted a hearing on the first four motions. Doc. 123. On April 19, 2017, the Court conducted a hearing on the fifth. Doc. 124.

At the April 6 hearing, the Court **granted** the motion for extensions of time, Doc. 111. The parties must conduct all depositions by **May 12, 2017**; must provide responsive expert disclosures within two weeks after the responding party deposes the opposing party's expert; and must provide rebuttal expert disclosures within three weeks after issuance of the response expert reports.

At the April 6 hearing, the Court **granted** the motion to seal, Doc. 113. The Court **directs** Fidelity to file the exhibits under seal by **April 28, 2017,** by delivering them to the clerk in a sealed envelope with a copy of this order; and **directs** Attachmate, by **May 5, 2017**, to file either a motion to seal in compliance with Local Rule 1.09 or a notice informing the Court it does not wish to keep the documents under seal. If Attachmate files no motion to seal, Fidelity must file the documents on the public docket by **May 12, 2017**.

On Fidelity's motion to compel, in light of the parties' discussions at the April 6 hearing, it is apparent Fidelity will be able to better articulate its requests after deposing witnesses with knowledge relevant to the requests. The Court **denies** Fidelity's motion to compel, Doc. 104, **without prejudice** to filing a similar motion after deposing Attachmate's corporate representatives and clarifying its requests.

On Attachmate's first motion to compel, at the April 6 hearing, Fidelity asserted it likely could better answer interrogatories asking for the number of licenses for each software product it claims it owns after deposing Attachmate employees on the meaning of certain documents. The Court **grants in part** Attachmate's motion to compel, Doc. 106, to the extent the Court **directs** Fidelity to supplement its answers within 14 days after taking the depositions. Because Fidelity and Black Knight have provided objections to Attachmate's proposed corporate-representative deposition topics, the Court **denies as moot** the motion to the extent it seeks an order compelling them to provide objections by a date certain.

At the April 19 hearing, the parties clarified the only remaining disputed deposition topics are those concerning the factual bases for Fidelity's and Black Knight's claims and affirmative defenses. The Court **denied in part** Attachmate's second motion to compel, Doc. 116, to the extent the Court will not compel Fidelity and Black Knight to prepare deponents on the topics as noticed because of concerns about undue burden and risk of inadvertent exposure of work product. Answering questions on the topics as noticed would require complex judgments about the facts, the claims, and the legal principles. The Court **granted in part** the motion to the extent Attachmate may attempt to narrow the topics to address those concerns.

**Ordered** in Jacksonville, Florida, on April 19, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record